Nicholas M. Pette, J.
Plaintiffs in this action seek to perpetually enjoin and restrain the defendants from using or occupying their premises for a general contracting, ready-mix concrete and cement business or for any purpose appurtenant thereto, or for any business other than a sand and gravel business or a residential use.
The action was tried before this court upon an agreed statement of facts and the testimony of the plaintiff John J. McGovern, and the stipulation by the parties that the testimony by the other plaintiffs would be exactly the same as that offered by the plaintiff John J. McGovern. Also, the plaintiffs, with the consent of the defendants’ attorneys, waved examination of all of the plaintiffs with the exception of the plaintiff John J. McGovern, whose testimony, it was stipulated, would he limited solely to his observations as to the volume of business that he has seen being conducted on the premises belonging to the defendant, and the nature and extent of the damages suffered by him. It was also stipulated that if the defendant Pasquale Anzolone testified he would testify that between 10 and 12 ready-mix trucks per day are loaded on the premises and that it takes between 10 and 15 minutes to load each truck; that to his knowledge there is no great amount of dirt or dust or noise *896 emitted from the operation. It was further stipulated that if Mrs. Helen Taglioni testified she would state that she and her husband owned lot number 36 shown on the diagram presented to the court; that she has lived in the house there since 1926, is familiar with defendants’ operation, has raised her family at this house, and she has observed no unusual amount of dust, dirt or noise emitting from defendants’ operation; also, that she keeps her windows open in the Summer, and has no objection to defendants ’ continuance of the business, and that she finds more disturbance from the traffic on 43rd Avenue, going in and from the G-rand Central Parkway, than from defendants’ operation. It was further stipulated that if Mrs. Joseph Bacsik, Mrs. Mary Armento, Mr. John O’Brien and Mr. Louis De Bosa testified that they would testify the same as Mrs. Taglioni.
All of the properties involved are in Corona, Queens County, and located in block 3586 of the land map of Queens County, which is bounded on the west by 111th Street, on the north by 43rd Avenue, on the east by 114th Street, and on the south by 44th Avenue. The Port Washington branch of the Long Island Bailroad runs along the southerly side of 44th Avenue and the two lines of commutor train tracks are above street level. Grand Central Parkway Extension lies to the east of 114th Street with an entrance at the termination of 43rd Avenue, a two-way traffic street. All property from plaintiff Naddeo’s dwelling to 111th Street, fronting on the northerly side of 44th Avenue, consists of vacant land.
It is admitted that the defendants were conducting the business of selling sand, gravel and cement on the subject premises prior to the change in zoning classification from unrestricted to residence. Under the law, the defendants had a legal right to continue such business as a legal nonconforming use. Defendants contend that the substitution of ready-mix trucks and other mechanical devices in place of dump trucks and hand-loading equipment represents a natural evolution of defendants’ type of business and as such is permitted under the classification of legal nonconforming use. Defendants, in the court’s opinion, are still conducting the business of selling sand and gravel and cement as they had done prior to the change in zoning, notwithstanding it is now conducted on a more elaborate and modern, mechanically progressive manner, which if anything, tends to create less noise, dirt and dust, if any, than could result by the use of the more primitive earlier methods employed by the defendants. Furthermore, these ready-mix trucks are designed to mix the sand, gravel and cement while in transit, so that it cannot be urged that defendants are engaged in the manufacture *897 of concrete on their premises. With respect to the gasoline pump maintained and used by the defendants on their premises, they have been granted a license therefor by the Fire Department of the City of New York which has jurisdiction over the same.
The court finds that the proof offered by the plaintiffs fails to sustain plaintiffs’ claim that the defendants, by reason of their operations, are interfering with the peace, quiet and comfort of the plaintiffs and with the use of plaintiffs’ premises, as alleged in the complaint. Nor have the plaintiffs presented any competent or sufficient proof to show that the use of defendants’ property has lessened the value of plaintiffs’ lands. In this connection the speculative testimony offered cannot be considered by the court as of any probative value. Plaintiffs have also failed to present sufficient proof to support their claim that the conduct of the defendants’ business is and constitutes to be a continuing nuisance, and they have also failed to establish that they have suffered any damage by reason of defendants ’ use of their premises, or that such use results in any unusual noise or creates any unusual dirt and dust or that the health of the plaintiffs has been impaired because of such use. It also appears from the testimony that the noises from the Long Island Bail-road and from the automobile traffic using the entrance to the Grand Central Parkway far exceeds any noise created by the defendants.
The court determines from all the evidence adduced before it, that the plaintiffs have failed to prove any damages, either monetary or otherwise; have failed to prove that defendants’ operation was and is a continuing nuisance; and that plaintiffs have failed to establish the causes of action alleged in the complaint. The court further determines that the existence of violations issued by the Department of Housing and Buildings do not constitute a final determination, but is reserved until such matter is heard and determined by the proper tribunal. The court, upon all the evidence, finds that the defendants are entitled to judgment dismissing the complaint herein upon the merits.
The foregoing constitute the court’s findings of fact and conclusions of law, and the decision of this court pursuant to section 440 of the Civil Practice Act.
Judgment is granted in favor of the defendants dismissing the complaint herein. Submit judgment.